UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

FILED
IN CLERKS OFFICE

2003 DEC 12  A 10: 57

U.S. DISTRICT COURT
DISTRICT OF MASS.

|  |  |
|---|---|
| MAYFLOWER TRANSIT, LLC, | ) |
| | ) |
| *Plaintiff,* | ) CIVIL ACTION |
| | ) NO. |
| v. | ) |
| | ) |
| IRA ROTHMAN and | ) |
| SALLY ROTHMAN, | ) |
| | ) |
| *Defendants.* | ) |
| | ) |

## COMPLAINT

### Parties, Jurisdiction and Venue:

1.      The Plaintiff, Mayflower Transit, LLC ("Mayflower"), is a limited liability

corporation organized and existing under the laws of the State of Missouri, having its principal

office and place of business at One Mayflower Drive, Fenton, Missouri 63026.  Mayflower is an

interstate motor carrier of property, authorized by the Federal Motor Carrier Safety Administration

("FMCSA") to transport household goods by motor vehicle in interstate commerce.  At all times

pertinent hereto Mayflower was and is subject to the jurisdiction of the FMCSA, the ICC

Termination Act of 1995 ("ICCTA"), Title 49, United States Code, and the rules, regulations and

orders promulgated thereunder.

2.      The Defendants, Ira Rothman and Sally Rothman ("Rothmans"), upon information

and belief, are husband and wife and presently reside at 18 Albion Street, Newton, Middlesex

County, Massachusetts and are subject to the personal jurisdiction of this Court.

3.      This Court has original jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331

and 1337 in that this action involves the collection of transportation (freight) charges for a shipment

of household goods moving in interstate commerce pursuant to the ICCTA, 49 U.S.C. §§ 13702 and

13706, and bills of lading issued by Mayflower pursuant to 49 U.S.C. § 13501, *et seq.*, as

hereinafter more fully appears.

4.      Venue is proper in this district pursuant to the provisions of 28 U.S.C. § 1391(b) in

that the Rothmans reside in this district and the subject interstate shipment of household goods was

delivered to the Rothmans in this district.

## FACTS

5.      On or about August 1, 2002 Mayflower received a shipment of the Rothmans'

household goods at Pittsburgh, Pennsylvania for transportation and delivery to the Rothmans' new

residence at Newton, Massachusetts pursuant to the Uniform Household Goods Bill of Lading

attached hereto as **Exhibit A.**

6.      Section 3 of the bill of lading for the Rothmans' shipment, as relevant hereto,

provides as follows:

> **Section 3:**      Shipper's, consignor's and/or consignee's liability to
> carrier shall include the following:
>
> (a) The shipper, (individual or commercial) and consignor upon
> tender of the shipment to carrier, and the consignee, upon
> acceptance of delivery of shipment from carrier, shall be liable,
> jointly and severally, for all unpaid charges payable on account
> of a shipment in accordance with applicable tariffs including, but
> not limited to, sums advanced or disbursed by a carrier on
> account of such shipment. The extension of credit to either
> shipper or consignee for such unpaid charges shall not thereby
> discharge the obligation of the other party to pay such charges in
> the event the party to whom credit has been extended shall fail to
> pay such charges.

7.    Mayflower transported and delivered the Rothmans' household goods shipment to them in Newton Massachusetts, as requested, on or about August 3, 2002.

8.    The total amount of transportation charges due Mayflower, pursuant to its tariff, for the Rothmans' shipment was $6,869.39.

9.    At or about the time of Mayflower's delivery of the shipment to the Rothmans, they tendered to Mayflower a check dated August 3, 2003 in the sum of $6,869.39, **Exhibit B** hereto, for Mayflower's transportation charges. The Rothmans' check, however, was dishonored by the their bank, see **Exhibit C** hereto, leaving the entire sum of $6,869.39 unpaid and due Mayflower pursuant to its interstate bill of lading and published tariffs.

10.    On October 25, 2002 Mayflower sent a freight bill, **Exhibit D** hereto, to the Rothmans and has otherwise demanded payment of its interstate transportation charges due, as described above, in the sum of $6,869.39.

11.    The Rothmans, nonetheless, have failed and refused to pay Mayflower for its interstate transportation charges, and there is now due, outstanding and owing to Mayflower from the Defendants the sum of $6,869.39.

## COUNT I
### (Interstate Tariff Charges)

Mayflower repeats and realleges each of the allegations contained in Paragraphs 1 through 11 of this Complaint as though separately set forth herein.

12.    The matters complained of herein and the liability of the defendants is based upon Mayflower's interstate transportation of the Rothmans' household goods shipment under a Uniform Household Goods Bill of Lading & Freight Bill and the applicable tariffs duly published by

Mayflower pursuant to the ICCTA and incorporated by the bill of lading. 49 U.S.C. §13702(a) and (c).

13.     Mayflower has performed all the terms and conditions set forth in the bill of lading which it was required to perform, and there is now due Mayflower from the Defendants, the Rothmans, owing and unpaid, the sum of $6,869.39 in interstate transportation charges under Mayflower's tariffs as aforesaid.

14.     Despite Mayflower's demands for payment, the Defendants have failed and refused to pay anything to Mayflower.

15.     The Defendants, therefore, are jointly and severally liable to Mayflower pursuant to 49 U.S.C. §§13702 and 13706, and Mayflower is therefore entitled to and hereby demands judgment against the Defendants, jointly and severally, for the total sum of $6,869.39 plus interest, costs and such other relief as may be appropriate.

WHEREFORE, Plaintiff Mayflower Transit, LLC prays that the Court enter judgment against the defendants, Ira Rothman and Sally Rothman, jointly and severally, in the amount of $6,869.39, plus pre-judgment and post-judgment interest at the maximum rate allowed by law, costs, and such other relief as may be appropriate under the circumstances.

## COUNT II
### (Breach of Contract)

Mayflower repeats and realleges each of the allegations contained in Paragraphs 1 through 15 of this Complaint as though separately set forth herein.

16.     On or about August 1, 2002, the Rothmans hired Mayflower to transport and deliver their household goods shipment from Pittsburgh, Pennsylvania to Newton, Massachusetts.

17.    The Rothmans promised and agreed to pay Mayflower the transportation charges described in Paragraph 8 above in consideration for Mayflower's performance of those services, all in accordance with the bill of lading contract.

18.    Mayflower performed all the transportation services and obligations which it agreed to and was required to perform under its agreement with the Defendants, and Mayflower made demand upon the Defendants for payment of its charges due for those services, as aforesaid.

19.    Notwithstanding Mayflower's performance and demands for payment, as aforesaid, the Rothmans breached their agreement with Mayflower in that they have failed and refused to pay Mayflower for the transportation charges due, leaving an unpaid balance of $6,869.39.

20.    As a result of the Defendants' breach of their agreement, Mayflower has been damaged in the sum of $6,869.39.

WHEREFORE, plaintiff Mayflower Transit, LLC prays that the Court enter judgment against the defendants, Ira Rothman and Sally Rothman, jointly and severally, in the amount of $6,869.39, plus pre-judgment and post-judgment interest at the maximum rate allowed by law, costs, and such other relief as may be appropriate under the circumstances.

## COUNT III
### (Quantum Meruit)

Mayflower repeats and realleges each of the allegations contained in Paragraphs 1 through 20 of this Complaint as though separately set forth herein.

21.    On or about August 1, 2002, pursuant to the request of the defendants, Mayflower transported the Rothmans' household goods shipment from Pittsburgh, Pennsylvania to Newton, Massachusetts.

22.     Mayflower rendered to the Defendants work, labor, materials and services for which the Defendants promised to pay the reasonable value thereof, and which they knew or should have known they would be expected to pay for.

23.     The Defendants, the Rothmans, are the actual and beneficial owners, consignors or consignees of the personal property for which the interstate transportation services were performed by Mayflower pursuant to the attached bill of lading and are liable for the fair value of the transportation charges thus accrued.

24.     The reasonable value of the transportation services performed by Mayflower for the benefit of the Rothmans is $6,869.39, none of which has been paid.  The Defendants accordingly have been unjustly enriched in the amount of at least $6,869.39.

25.     The Defendants nonetheless have failed and refused to pay Mayflower the charges due, despite Mayflower's demands and the Defendants' obligations to pay them.

26.     Mayflower, therefore, is entitled to and hereby demands judgment against the Defendants, Ira Rothman and Sally Rothman, jointly and severally, in the amount of $6,869.39, plus interest and costs for the reasonable value of the services rendered to the defendants, and for all other relief that may be appropriate under the circumstances.

WHEREFORE, plaintiff Mayflower Transit, LLC prays that the Court enter judgment against the defendants, Ira Rothman and Sally Rothman, jointly and severally, in the amount of $6,869.39, plus pre-judgment and post-judgment interest at the maximum rate allowed by law, costs, and such other relief as may be appropriate under the circumstances.

## COUNT IV
### (Dishonored check)

Mayflower repeats and realleges each of the allegations contained in Paragraphs 1 through 27 of this Complaint as though separately set forth herein.

28.    On or about August 3, 2002, the Rothmans delivered to Mayflower a check in the sum of $6,869.39, a copy of which is attached hereto as Exhibit B, in payment for Mayflower's interstate freight charges.

29.    After Mayflower deposited the Rothmans' check, it was returned by the bank marked "unavailable funds."

30.    Despite Mayflower's subsequent demands for payment, the Rothmans have failed to replace the dishonored check or pay Mayflower with good funds..

31.    The Rothmans are therefore indebted to Mayflower in the sum of $6,869.39 on the dishonored check.

WHEREFORE, plaintiff Mayflower Transit, LLC prays that the Court enter judgment against the defendants, Ira Rothman and Sally Rothman, jointly and severally, in the amount of $6,869.39, plus pre-judgment and post-judgment interest at the maximum rate allowed by law, costs, and such other relief as may be appropriate under the circumstances.

## FAIR DEBT COLLECTION PRACTICES ACT NOTICE

To Defendants Ira Rothman and Sally Rothman:

Unless you notify the plaintiff within 30 days after receiving this Complaint that you dispute the validity of this debt or any portion thereof, the Plaintiff will assume this debt is valid. If you notify Plaintiff in writing within 30 days after receiving this Complaint, Plaintiff will verify the debt and mail you verification of the debt. If you so request Plaintiff in writing within 30 days after receiving this Complaint, the Plaintiff will provide you with the name and address of any original creditor, if different from the current creditor.

**This is an attempt to collect a debt. Any information obtained will be used for that purpose.**

The Summons accompanying to this Complaint states that you have 20 days within which to answer the Complaint. The twenty day period stated in the Summons is specified by Rule 12(a) of the Federal Rules of Civil Procedure. This is in conflict with the Federal Fair Debt Collection Practices Act, 15 U.S.C. §1692, *et seq.* As stated above, you have *30 days* under the Fair Debt Collection Practices Act within which to dispute the validity of this debt. Due to this conflict, the Plaintiff will allow you 30 days within which to file an answer to this Complaint. If you fail to respond within 30 days, the Plaintiff will ask the Court to enter your default.

MAYFLOWER TRANSIT, LLC

By its attorney,

December 11, 2003

Wesley S. Chused (BBO #083520)
LOONEY & GROSSMAN LLP
101 Arch Street
Boston, MA 02110
(617) 951-2800