UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| MAYFLOWER TRANSIT, LLC, ) | | |
| ) | | |
| *Plaintiff,* ) | CIVIL ACTION | |
| ) | NO. 03-12503-WGY | |
| v. ) | | |
| ) | | |
| IRA ROTHMAN and ) | | |
| SALLY ROTHMAN, ) | | |
| ) | | |
| *Defendants.* ) | | |

**PLAINTIFF/JUDGMENT-CREDITOR MAYFLOWER TRANSIT, LLC'S
APPLICATION FOR SUPPLEMENTARY PROCESS UNDER MASSACHUSETTS
GENERAL LAWS CH. 224, SECTION 14.**

Now comes the plaintiff, Mayflower Transit, LLC ("Mayflower"), judgment creditor, and makes application for supplementary process, under Massachusetts General Laws, Chapter 224, Section 14 and Rule 69(a) of the Federal Rules of Civil Procedure. In support of this Application, Mayflower states the following:

1) On July 14, 2004, Mayflower recovered judgment against Ira and Sally Rothman in the amount of $7,297.81, inclusive of pre-judgment interest and costs.
2) On September 23, 2004, this Court issued the First Execution.
3) On October 14, 2004, the Middlesex County Sheriff demanded that Ira and Sally Rothman make payment on the First Execution, by leaving the First Execution at their last and usual place of abode.
4) Upon information and belief, Ira Rothman filed a Chapter 7 voluntary petition of bankruptcy on or about October 29, 2004.
5) Pursuant to Rule 69 of the Federal Rules of Civil Procedure, Mayflower then noticed the deposition of Sally Rothman for March 11, 2005 and issued a subpoena for her appearance. Sally Rothman failed to appear for her deposition. See Appendix A hereto.
6) Sally Rothman has failed to make any payments toward the judgment, which remains outstanding and unsatisfied.

In Federal Court proceedings, it is well established that the procedure on execution, in proceeding supplementary to and in aid of execution, shall be in accord with the practice and

procedure of the state in which the district court is held.  Rule 69(a) Fed.R.Civ.P; *Board of Commissioners of Stark County, Ohio v. Cape Stone Works, Inc*., 260 F. Supp. 2d 100 (D.MA. 2002).  Under Massachusetts law, a judgment-creditor may use supplementary process proceedings to discover a debtor's assets and enter orders requiring that such assets be used to satisfy a judgment.  Mass. Gen. L. c. 224, § 14, et seq.   Section 15 of Chapter 224 mandates that the judgment debtor "shall be examined on oath as to his property and ability to pay."  Mass. Gen. L. c. 224, § 15.

WHEREFORE, Mayflower respectfully requests that this Court accept this application for supplementary process under Massachusetts General Laws, Chapter 224, Section 14 and issue a summons to Sally Rothman, requiring her to appear before the Court to be examined under oath as to her property and ability to pay the judgment.

MAYFLOWER TRANSIT, LLC

By its attorneys,

　　　/s/ Mark M. Mulligan　　　
Wesley S. Chused (BBO #083520)
Mark M. Mulligan (BBO #559431)
LOONEY & GROSSMAN LLP
101 Arch Street
Boston, MA  02110
(617) 951-2800

Dated: April 20, 2005

**CERTIFICATE OF SERVICE**

  I hereby certify that on April 20, 2005 I served a copy of the foregoing pleading upon all parties hereto via first class mail properly addressed to the following:

    Ira Rothman and Sally Rothman
    985 Beacon Street
    Newton Center, MA 02459


      /s/ Mark M. Mulligan