Page 1

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

MAYFLOWER TRANSIT LLC,

      Plaintiff

  vs.          Case No.
                03-12503-WGY

IRA ROTHMAN and
SALLY ROTHMAN,

      Defendants

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

ORIGINAL

VOLUME: I

PAGES: 1-5

SCHEDULED DEPOSITION of SALLY ROTHMAN, a witness called on behalf of the Plaintiff pursuant to the Federal Rules of Civil Procedure, before Judith McGovern Williams, Certified Shorthand Reporter No. 130993, Registered Professional Reporter, Certified Realtime Reporter, and Notary Public in and for the Commonwealth of Massachusetts, at the offices of Looney & Grossman, 101 Arch Street, Boston, Massachusetts  02110, on Friday, March 11, 2005, commencing at 10:30 a.m.

```
 1   APPEARANCES:

 2

 3   LOONEY & GROSSMAN

 4    Wesley S. Chused, Esquire

 5    101 Arch Street

 6    Boston, Massachusetts   02110

 7    On behalf of the Plaintiff

 8

 9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24
```

E X H I B I T S

| Number | | Page |
|---|---|---|
| 1 | Subpoena | 4 |

Page 4

1         P R O C E E D I N G S

2         MR. CHUSED: On the record, this

3    is Wesley Chused. I am counsel for the

4    plaintiff, Mayflower Transit, Inc. in this

5    action of Mayflower Transit LLC versus Ira

6    Rothman and Sally Rothman.

7         I would like to mark as

8    Exhibit 1 a three-page document which is

9    the subpoena that was served on Sally

10   Rothman on February 15, 2005, for her to

11   appear at this deposition today.

12        (Subpoena marked Exhibit No. 1

13         for identification.)

14        MR. CHUSED: The time is now

15   10:34 a.m. The subpoena called for Sally

16   Rothman to appear at 10:00 a.m., and in

17   view of the fact that she has now failed

18   to appear some 34 minutes since the

19   appointed time, we are now going to close

20   this record and proceed accordingly.

21        The record can be closed at this

22   time.

23        (Whereupon, at 10:34 a.m., the

24   scheduled deposition was adjourned.)

1          CERTIFICATE

2

3      I, Judith McGovern Williams, do

4  hereby certify that the foregoing record

5  is a true and accurate transcription of my

6  stenographic notes taken in the

7  within-entitled cause on March 11, 2005,

8  to the best of my knowledge, skill and

9  ability.

10

11

12      *[signature]*

13      Judith McGovern Williams

14      Registered Professional Reporter

AO 88 (Rev. 1/94) Subpoena in a Civil Case

S Rothman
EXHIBIT NO. 1
3-11-05

# Issued by the
## UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

MAYFLOWER TRANSIT, LLC

V.

IRA ROTHMAN and SALLY ROTHMAN

**SUBPOENA IN A CIVIL CASE**

CASE NUMBER: [1] 03-12503-WGY

TO: Sally Rothman
985 Beacon Street
Newton Center, MA 02459

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☒ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| Looney & Grossman LLP, 101 Arch Street, Boston, MA 02110 | March 11, 2005 at 10:00 a.m. |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

Documents listed in attached Schedule A

| PLACE | DATE AND TIME |
|---|---|

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| *Wesley S. Chused* ATTY. FOR PLAINTIFF | 2/9/05 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Wesley S. Chused, Looney & Grossman LLP, 101 Arch St., Boston, MA 02110 Tel: 617-951-2800

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on Reverse)

[1] If action is pending in district other than district of issuance, state district under case number.

AO 88 (Rev. 1/94) Subpoena in a Civil Case

**Middlesex Sheriff's Office** • Civil Process Division, P.O. Box 410180, Cambridge, MA 02141-1819 • (617) 547-1171

Middlesex, ss.

February 16, 2005

I hereby certify and return that on 2/15/2005 at 12:15PM I served a true and attested copy of the witness subpoena & SCHEDULE A in this action in the following manner: To wit, by leaving at the last and usual place of abode of SALLY ROTHMAN, , 985 BEACON Street, , NEWTON CENTER, MA. Attest ($5.00), Basic Service Fee ($20.00), Conveyance ($1.80), Postage and Handling ($1.00), Travel ($5.12) Total Charges $32.92

SERVED

*John F. Kennedy*

Deputy Sheriff

SERVED

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
            DATE

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

SCHEDULE A
TO
DEPOSITION SUBPOENA
TO
SALLY ROTHMAN

**DOCUMENTS TO BE BROUGHT TO DEPOSITION BY SALLY ROTHMAN:**

1. All bank, checking, savings or other financial institution account statements of Sally Rothman for the period of January 2003 to the present.

2. All statements, accounts, summaries or reports of any stock, mutual fund, or other financial account or investment of Sally Rothman for the period of January 2003 to the present.

3. All income tax returns filed by Sally Rothman for the years 2002, 2003 and 2004.

4. All forms 1099 and W-2 received by Sally Rothman for the years 2002, 2003 and 2004.

5. All deeds to any real estate in which Sally Rothman presently holds any interest.

6. All insurance policies naming Sally Rothman as an insured party or as a beneficiary that were effective from 2002 to the present.

7. All records of any other monies, property or asset presently standing in the name of Sally Rothman.